7944

A. La Nasa.          No. 7 9 4 4 .

   -vs-          Court of Appeal

Ed. T. Colton et. al.    Parish of Orleans.

--------

Dinkelspiel, J.

7944

Dinkelspiel. J.

Plaintiff institutes this suit against defendants alleging the ownership of a promissory note for the sum of $ 329.40., with interest at the rate of 7% per annum from 14th. April, 1919, until paid, costs of protest amount to $ 3.00., Attorneys fees on amount sued for, ten percent, and for all costs of Court.

The answer of defendants, sworn to by them, substantially sets up the defence that plaintiff was not the owner of the note; that Michael J. Rooney, one of the defendants, endorsed said note, but same was done without consideration therefor; that no consideration was given for the issuance of said obligation, and that same was given for an illegal and unenforceable debt, and that no recovery can be had thereon. Hence, they pray for dismissxhkx misal of the suit.

In due course the case was called for trial in the lower Court, defendants absent and not represented. The Note sued on was offered in evidence and it was proved by the testimony of plaintiff:-

> Q- As plaintiff in this case you are sueing the defendant Colton on a Note made by him and endorsed by M. J. Rooney for $ 329.40. Does that Note belong to you?
> A- Yes; I loaned Mr. Colton the money, he had no money to get out of town; he asked me to loan the money on his Note and that Mike Rooney would endorse, payable in sixty days, and it has never been paid.

Plaintiff then offered in evidence, the petition, citation served on both defendants, the Sheriffs return, the Note sued on, the notice of protest and return thereon, and the minute entry of default of date 26th. March, 1920.

On this evidence judgment was rendered by the lower Court as prayed for.

Subsequently, a new trial was applied for, amonst other things, it was alleged that when this cause was called for trial on the 26th. of April, 1920, it was the seventh case on the docket, and that Edward T. Colton, one of the defendants was out of the City in Lexington. Ky. The Attorne, who makes the affidavit was compelled to be in the Criminal District Court at 10.30, that morning, notified Counsel on the other side, Mr. Marinoni, and advised him of that fact, but Mr. Marinoni insited upon a trial and judgment, hence this appeal, new trial having been denied.

It is a strange coincident that almost the identical plea of the Attorney in this case made before the lower Court was made in this Court, when the case was called. He not being present and sending word through a friend of his, another Attorney, that he was engaged in the Criminal District Court, and requested a continuance. But under the rule of this Court not having filed a brief, hence, was not entitle to a continuance and the case was tried.

Since then Counsel had filed his brief which has received careful and considerate attention at our hands, and it is simply no more nor less than the averments contained in the answer, and asking this Court that we remand the case in order that testimony can be taken to prove the averements of the answer.

If there is any such practice under ~~such circumstances~~ we ~~such circumstances judgments~~, were are not aware of it, we referred nor have been ~~asked~~ to any authority. ~~referring to~~ ~~anything~~ The law of the case is plain. The mere

321

statement is sufficient.  In plaintiffs brief we
find illustrations  cited for the purpose requir-
ed for decision of this case without further con-
troversy.  " Credit given to the maker of a note
is consideration sufficient to bind an accomedation
endorser". Schaffter vs. Irwin. 139 L. 92.

Again, to the same effect in Weill vs. Trosclair,
42. A. 171. " The maker and endorser of a note are
bound in solido for the full amount of the note".
Newman vs. Pelerine. 128. L. 450.  Also see Negotia-
ble Law, Sec. 63.

For the reasons herein assigned, it is ordered,
adjudged and decreed, that the judgment of the
lower Court be, and the same is now affirmed with
costs against the defendants in both Courts.

(Judgment Affirmed)